## MARY CASTELLANI
### vs.
## FREDERICK S. WEBSTER, ET AL.

Superior Court          Hartford County          File #54320

Present: Hon. FRANK P. McEVOY, Judge.

Charles N. Rodens,          Attorney for the Plaintiff.

Butler, Howard & Campbell,  Attorneys for the Defendant.

## MEMORANDUM FILED MAY 11, 1937.

McEVOY, J.   In the above entitled action the plaintiff alleges, substantially, that she was a pedestrian walking across Burnside Avenue in the Town of East Hartford and that while so walking she was injured by an automobile owned by one of the defendants and operated by the other defendant.

The evidence discloses that the plaintiff was walking upon the highway from the northerly to the southerly side.   There was some conflict in the testimony as to whether she was walking directly south or a little diagonally to the east.

The course of her walking is not of relative importance.

It is important to determine upon the evidence just how she walked.   Upon this phase of the matter there was a sub- stantial conflict.   Resolving it, after a careful examination of the notes and the testimony, it seems more probable than otherwise that the plaintiff was not very well and that, as she walked across the street she did not look to the right, that is to the direction from which the defendants' car was approach- ing nor did she, in reality, make any observation as to her own course or as to the course or operation of automobiles upon the highway.

Her manner of walking was hesitant and uncertain and, due to this manner of walking she was injured.

Her own conduct was a substantial factor in and materially contributed to her injuries.

Upon the whole evidence it is found that the operation of the car by the defendant was carried out in a reasonably careful manner.   The speed was reasonable and the handling of the car when it became apparent that the plaintiff was about to "lurch" into the path of the oncoming car was all that could be reasonably expected under the circumstances then existing.

The two defendants, who were riding in the car which oc- casioned the injury, were on a lawful, normal errand and there is nothing to indicate that there was anything in their minds which would induce either of them to be either negligent or

reckless.

The issues are found for the defendants and judgment may be entered accordingly.